FILED
**Oct 09, 2018**
**11:40 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| PHILLIP HALL, | )    Docket Number: 2018-02-0063 |
|      Employee, | ) |
| v. | ) |
| LIFE CARE CENTERS OF | )    State File Number: 98623-2017 |
| AMERICA, INC., | ) |
|      Employer, | ) |
| and | ) |
| OLD REPUBLIC INSURANCE CO., | )    Judge Brian K. Addington |
|      Carrier. | ) |

---

## EXPEDITED HEARING ORDER

---

This case came before the Court on October 4, 2018, on Phillip Hall's Request for Expedited Hearing. The issue is whether he is entitled to temporary partial disability benefits. For the reasons below, the Court holds that Mr. Hall is not likely to prevail at a hearing on the merits in proving that he is entitled to the requested benefits.

### History of Claim

Life Care hired Mr. Hall as a certified nursing assistant in October 2017. He alleged three injuries before his employment ended in April 2018. For the purposes of this hearing, the parties focused on Mr. Hall's January 10, 2018 right great-toe fracture and his April 4, 2018 back injury. Life Care did not dispute the injuries occurred at work.

Dr. Jeffrey Dikis treated Mr. Hall's toe. He restricted his work duties and placed him in a walking boot, which exposed his toes. Life Care provided light-duty work after the injury. Mr. Hall reinjured his toe at work on March 14 when he hit it on a stool. He testified he fell at least four times after January 10 due to the injury and the boot.

During this time, Mr. Hall underwent work-related problems with other employees. He and co-workers complained about each other. The situation worsened and Life Care conducted an investigation. Mr. Hall admitted that he and a co-worker

1

argued over a bonus that Life Care paid the co-worker.[1] Mr. Hall denied making inappropriate comments towards co-workers. He insisted they misconstrued his words. He accused them of making sexual, rude comments towards him and touching him. Several co-workers' statements indicated Mr. Hall often made sexual or inappropriate comments at work.[2]

During the evening of April 3, Life Care decided to suspend Mr. Hall. Misty Key, Executive Director, tried to contact him but was unable to reach him by phone. When Mr. Hall reported to work the next morning, Ms. Key asked him into a meeting and suspended him for conduct that created a poor image for the facility. Before the meeting, Mr. Hall slipped on a wet floor due to the boot. After his suspension, Mr. Hall called from home and requested treatment for back pain.

Mr. Hall treated with Takoma Health Systems on April 4 for his back. Providers there restricted him to work where he could sit. Later, Life Care authorized Dr. Craig Schmalzreid to treat his back injury.

Before seeing Dr. Schmalzreid, Life Care terminated Mr. Hall on April 9 for a code of conduct violation, which it described as "[P]oor image for the facility."

Later, Mr. Hall saw Dr. Schmalzreid, who diagnosed his back injury as acute pain and sciatica and assigned restrictions.

Meanwhile, Dr. Dikis placed Mr. Hall at maximum medical improvement for his toe and released him to full duty on April 20. Dr. Schamlzreid released him to full duty work on April 26.

Life Care paid temporary partial disability benefits from April 4-20 for his toe injury. Mr. Hall requested temporary partial disability benefits from April 4-26 for his back, even though he received temporary partial benefits from April 4-20. He argued that he suffered two different injuries, so he was entitled to two separate disability payments, even if the times overlapped. He argued his back injury would not have occurred if Life Care followed its no open-toe shoe policy. Life Care argued Mr. Hall was not entitled to additional temporary partial disability benefits because it accommodated his restrictions before it terminated him.

### Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Hall has the burden to present sufficient evidence

---

[1] Life Care offered a bonus to employees who referred successful job applicants.

[2] The Court gleaned this information from part of Mr. Hall's employment file, which entered the record as exhibit 9 without objection.

from which this Court can determine that he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

Before addressing the temporary benefits issue, the Court notes that although parties identified two distinct injury dates, the Court finds Mr. Hall's injury date is January 10, 2018. Mr. Hall testified he fell at least four times due to the injury to his great toe and boot. According to Mr. Hall, the boot slip on the wet floor at work is what caused him to injure his back. Therefore, the April 4 event is a natural consequence of his toe injury and not a distinct new injury. *See Anderson v. Westfield Grp.*, 259 S.W.3d 690, 696-7 (Tenn. 2008).

Mr. Hall requested temporary partial disability, which refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at \*15-16 (Aug. 2, 2016.) He requested the period from April 4-26, even though Life Care paid him temporary partial disability benefits from April 4-20. Mr. Hall did not present any statute or case law indicating an employee is entitled to multiple temporary disability payments for the same time period, and the Court is unaware of any. Therefore, the Court denies his request for additional temporary disability benefits solely for the back injury for April 4-20. This leaves his request for April 21-26.

Concerning the latter period, Mr. Hall presented a physician's note indicating Dr. Schmalzreid restricted his work for that time period, and he testified he did not work due to his termination. Life Care did not dispute these facts.

However, even though an employee has a work-related injury for which temporary benefits are payable, an employer may still enforce workplace rules. Thus, a termination due to a violation of workplace rules may relieve an employer of its obligation to provide temporary partial disability benefits, provided the termination was related to the workplace violation. Courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." An employer will not be penalized for enforcing a policy if the court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7-9 (Dec. 11, 2015).

Here, Life Care terminated Mr. Hall for creating a poor image for the facility. Essentially, Life Care accused him of making remarks that were inappropriate in the workplace. These not only included sexual, rude comments but also remarks concerning a bonus Life Care paid another employee when it hired Mr. Hall. Mr. Hall did not deny

3

he confronted the other employee about the bonus. Although he explained he did not make the other comments or that the person hearing the comments wrongly construed them, multiple co-workers' statements contradicted Mr. Hall. The Court finds Mr. Hall made inappropriate remarks that violated ordinary workplace expectations, and this was Life Care's true motivation for his dismissal.

The Court finds the termination reasonable and unrelated to his worker's compensation claim. The Court holds that Mr. Hall is not likely to succeed at a hearing on the merits in proving his entitlement to temporary partial disability benefits for the period from April 21-26, 2018.

**IT IS THEREFORE, ORDERED as follows:**

1. Mr. Hall's requested relief is denied at this time.

2. This case is set for a Status Hearing on **November 30, 2018, at 2:00 p.m**. The parties must call 855-543-5044 to attend the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED October 9, 2018.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

**Evidence:**
1. Affidavit of Mr. Hall
2. Employer's First Report of Injury
3. Employee's Choice of Physician
4. Wage Statement (February 5, 2018)
5. Medical Records of East Tennessee Spine and Orthopaedic Specialists
6. Medical Records of Takoma Regional Hospital
7. Medical Records of Summit Family Medicine
8. Deposition of Karen Harper
9. Incomplete Personnel File of Mr. Hall

**Technical Record:**
1. Petition for Benefit Determination, May 16, 2018
2. Dispute Certification Notice, June 11, 2018
3. Request for Expedited Hearing, June 25, 2018
4. Objection to Request for Expedited Hearing on the Record
5. Order Denying Request for a Decision on the Record and Setting an Evidentiary Hearing
6. Order on Status Hearing and Consolidating Claims
7. Notice of Filing of Wage Statement and attachments

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on October 9, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Phillip Hall, Employee | X | | | 112 S. Sunset St. Greeneville, TN 37743 |
| Debra Fulton, Employer's Attorney | | | X | dfulton@fmsllp.com |

Penny Shrum, Clerk
WC.CourtClerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

<u>Notice</u>

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

<u>Statement of the Issues</u>

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

<u>Additional Information</u>
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

<u>List of Parties</u>
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099   rev. 10/18                    Page  1 of 2                    RDA 11082

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month  Medical/Dental $ _____ per month

Groceries $ _____ per month  Telephone $ _____ per month

Electricity $ _____ per month  School Supplies $ _____ per month

Water $ _____ per month  Clothing $ _____ per month

Gas $ _____ per month  Child Care $ _____ per month

Transportation $ _____ per month  Child Support $ _____ per month

Car $_____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____  (FMV) _____

Checking/Savings Acct. $ _____

House $ _____  (FMV) _____

Other $ _____  Describe:_____

11. My debts are:

Amount Owed        To Whom

_____  _____

_____  _____

_____  _____

_____  _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)              RDA 11082